# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Garnes,<br><br>    Plaintiff,<br><br>v.<br><br>Washington Manor, et al.,<br><br>    Defendants. | No. CV-19-03199-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants Washington Manor and City of Phoenix Housing's Motion to Dismiss for Failure to State a Claim (Doc. 11) and Plaintiff Sharon Garnes's Motion for Full Relief (Doc. 18), which this Court interprets as a Response to the Motion to Dismiss. After reviewing the parties' filings, the Court believes that oral argument would not significantly aid the decisional process. *See* Fed.R.Civ.P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same). For the reasons stated herein, the Motion to Dismiss is granted and the Motion for Full Relief is denied.

**I. Factual Background**

Sharon Garnes is a *pro per* plaintiff. Her Complaint consists largely of a collection of documents related to her experience as a resident at the Washington Manor apartment complex in Phoenix, Arizona. The Court liberally construes Ms. Garnes's Complaint to include the allegations outlined in that eclectic series of documents and derives the following factual recitation therefrom. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sharon Garnes moved into the Washington Manor apartment complex on

October 19, 2018. (Doc. 1 at 6.) Ms. Garnes alleges that when she moved into her apartment, she notified the apartment property manager, Aaron Crawford, that she has a disability which requires an emotional support animal. (*Id.*) Her support animal is a pit bull. (*Id.*) Ms. Garnes further alleges that less than a month after having moved into her apartment, the property manager told her that he used to shoot and kill dogs like hers. (*Id.*) The Complaint goes on to allege that Mr. Crawford told Ms. Garnes that two employees of the apartment complex didn't want to see Ms. Garnes or her dog in a certain area of the complex. (*Id.*)

In addition to the disability which Ms. Garnes says requires a support animal, she alleges that she suffers from back and knee problems. (*Id.* at 6.) Ms. Garnes further alleges that she told the property manager that she needs to take the elevator because of those back and knee problems. (*Id.*) Despite this, Ms. Garnes alleges that the property manager would not allow her to use the elevator. (*Id.*)

On January 25, 2019, Ms. Garnes says that she intervened in an altercation between the property manager and another disabled resident. (*Id.*) This included Ms. Garnes's giving a statement to the police. (*Id.*) Ms. Garnes alleges that a pattern of retaliation subsequently ensued, which included apartment staff making false police reports; causing her to be arrested; having her car towed; sending a notice of eviction for nonpayment of rent, despite being current on her rent payments; and ultimately having her lease terminated. (*Id.* at 7.)[1] Ms. Garnes says that she vacated her apartment unit on

---

[1] The Court acknowledges that among the documents attached as part of the Complaint is a Notice of Termination of Lease, printed on City of Phoenix letterhead and dated March 26, 2019. (Doc. 1 at 16.) That Notice informs Ms. Garnes that the "City of Phoenix Housing Department will terminate [her] lease . . . as a result of . . ." an incident in which "residents and staff of Washington Manor witnessed [Ms. Garnes] yelling and screaming in the community room[,]" using profanity, slamming her chest against that of an apartment staffer, and hurting another resident as Ms. Garnes grabbed a pen from that resident's hand. (*Id.*) Another document that Plaintiff included as part of the Complaint details serious allegations that the apartment manager made against her, including that Ms. Garnes pulled a knife on two employees of the apartment complex. (*Id.* at 8.) These facts might be relevant at the merits stage of a disparate treatment or disparate impact cause of action. They do not, however, speak to whether she has presented facts sufficient to state a claim for purposes of a Motion to Dismiss, so long as Ms. Garnes alleges that her disabilities formed the basis for the decisions at issue in the Complaint. It appears that she has made such an allegation.

April 30, 2019, after receiving an eviction notice on March 26, 2019. (*Id.*)

Ms. Garnes filed a Complaint in this Court on May 17, 2019, alleging violations of the Fair Housing Act. (Doc. 1 at 3.)

## II. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is appropriate when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "A pleading that offers . . . naked assertions devoid of further factual enhancement" does not state a claim "that is plausible on its face" and is thus subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted).

## III. Fair Housing Act – Reasonable Accommodations

The Fair Housing Act prohibits discrimination against any person "because of a handicap." 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations . . . when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To state a reasonable accommodation claim, Ms. Garnes must allege facts that plausibly state five elements: (1) that she is handicapped as defined by the 42 U.S.C. § 3602(h); (2) that the defendant knew or reasonably should have known of the handicap; (3) the accommodation is necessary to give Ms. Garnes an equal opportunity to use and enjoy the apartment complex; (4) the accommodation is reasonable; (5) the defendant refused to provide the accommodation. *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). The Fair Housing Act defines a handicap as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment. . . ." 42 U.S.C. § 3602(h).

Here, Ms. Garnes alleges that she has back and knee problems, a physical

impairment which might limit one or more of her major life activities; that she told the apartment manager about this; and that she also told the apartment manager that she needed to use the apartment elevator as an accommodation for that disability. The accommodation was reasonable. Ms. Garnes alleges that the apartment manager nonetheless refused to allow her to use the elevator. She has thus alleged facts sufficient to state a failure to accommodate claim under the Fair Housing Act.

Additionally, she seems to have alleged an emotional or mental impairment about which she notified the apartment property manager and explained that a service animal was needed as an accommodation for that disability. Ms. Garnes has not fully explained whether she is alleging that the comments and treatment by the apartment staff constituted a failure to accommodate. It may, however, be possible for her to state that claim as well.

## IV. Non-Jural Entity

"In Arizona, a government entity may be sued only if the legislature has given that entity the power to be sued." *Payne v. Arpaio*, 2009 WL 3756679 *4 (D. Ariz.). Arizona grants cities "all powers vested in them pursuant to their respective charters . . . ." A.R.S. § 9-499.01. The Charter of the City of Phoenix, in Chapter II, Section 1(c), allows the City to "sue and be sued." Neither state law nor the Charter provide for lawsuits against Washington Manor or the City of Phoenix Housing Department.

Because Ms. Garnes chose to bring her lawsuit against those entities, rather than directly against the City of Phoenix, the case must be dismissed. However, for the reasons stated below concerning the sufficiency of her allegations under the Fair Housing Act, this Court will allow Ms. Garnes leave to amend her complaint.

## V. Conclusion

Rule 15(a)(2) of the Federal Rules of Civil Procedure is a liberal standard, stating that "[t]he court should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has recognized exceptions to the general policy of granting leave "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith;

(3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Given the early stage of the proceedings in this case, the Court finds that Defendant did not suffer any significant prejudice nor was there a significant delay. *See Drake v. Salt River Pima-Maricopa Indian Community*, 2019 WL 5653447 *2 (D. Ariz.). Since the Court is granting leave to amend *sua sponte*, the bad faith exception doesn't apply. The Court does not analyze every theory under which Ms. Garnes has stated, or could plausibly state, a claim upon which relief may be granted, including causes of action not stated in the original Complaint. *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). At the very least, however, Ms. Garnes has shown that an amended complaint could state facts sufficient to allege a Fair Housing Act violation under a failure to make reasonable accommodations theory. If Ms. Garnes does file an amended complaint, it must name a jural entity that is subject to suit.

**Accordingly,**

**IT IS ORDERED granting** Defendants' Motion to Dismiss (Doc. 11);

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Full Relief (Doc. 18);

**IT IS FURTHER ORDERED** allowing Ms. Garnes 21 days from the issuance of this Order to file an amended complaint that conforms with the requirements set forth in this Order. Because the Court is giving Plaintiff leave to amend, the Clerk of the Court shall not enter judgment at this time.

Dated this 24th day of January, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge